United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20881
_____

JOUSSEF MEKDESSI SALOMON,

Plaintiff-Appellant,

versus

CHASE BANK OF TEXAS, N.A.,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-00-CV-0774)
---------------------

Before WIENER and BARKSDALE, Circuit Judges, and FURGESON,[*]
District Judge.

PER CURIAM:[**]

    Plaintiff-Appellant Joussef Mekdessi Salomon appeals from the

district court's dismissal of his claims against Defendant-Appellee

Chase Bank of Texas, N.A. as time barred.  We affirm.

    The district court applied the 3-year statute of limitations

specified in § 4.111 of the Texas version of the Uniform Commercial

Code ("U.C.C.") after finding the bank in legal bad faith and thus

---

    [*] District Judge of the Western District of Texas, sitting by
designation.

    [**]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ineligible for the 1-year statute of limitations for claims arising under § 4.401 of the U.C.C.  Salomon maintained in the district court, as he now does on appeal, that his claims are based on the substantive law of Texas, such as breach of contract, so they are not time barred until the four-year statute of limitation runs. Relying on § 1.103 of the U.C.C., Salomon insists that his common law causes of action are not "displaced" by provisions of the U.C.C., particularly § 4.401, and that principles of law and equity continue to supplement the provisions of the U.C.C. as adopted by Texas.

Although Salomon is correct, he misses the mark:  His claims against the bank arise directly from banking transactions and the bank's misdealings with "items" covered by the applicable provisions of the U.C.C.  Thus, even though his causes of action are not displaced, for claims like his that arise in the banking context, the general 4-year statute of limitations is displaced by the particular 3-year statute of limitations specified in § 4.111, which expressly applies to claims based on allegations of banks' breaches of duties and obligations owed to their customers.  We therefore affirm the judgment of the district court dismissing Salomon's claims as time barred.

AFFIRMED.